**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **SOLANGE CHADDA,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 11-5339** |
| | : | |
| **TERRY MAGADY, ET. AL.,** | : | |
| **Defendants.** | : | |
| | : | |

**<u>MEMORANDUM</u>**

**Tucker, J.**                                                                              **December \_\_\_\_, 2011**

Presently pending before this Court are several motions to dismiss the complaint, Defendant's motion for injunctive relief, as well as numerous responses and motions filed by pro se Plaintiff, Solange Chadda ("Chadda").  As the motions all raise issues of jurisdiction, the Court has elected to review the Complaint and Amended Complaint, as well as other pertinent documents, to determine the existence of subject matter jurisdiction.  The Court will also address Defendant's motion for injunctive relief.

After careful review of all submissions, the Court finds that it lacks subject matter jurisdiction to consider this case and will, accordingly, dismiss it.  The Court will also grant Defendant's motion for injunctive relief requiring Plaintiff to first obtain leave of Court prior to filing any actions in the Eastern District of Pennsylvania including any further papers or actions pertaining to the property and/or Defendants listed in this matter.

I.      **<u>FACTUAL BACKGROUND</u>**[1]

---

[1]On a motion to dismiss, the court is not strictly limited to facts addressed in the pleadings. The court may take judicial notice of matters outside the pleadings, such as prior judicial proceedings and other public filings. See <u>Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.</u>,

Chadda filed the instant action against Defendants Terry Magady, Esq. and Tom Block alleging fraud, violation of the Pennsylvania Fair Credit Extension Uniformity Act (PFCEUA), and violation of a bankruptcy stay.  (Compl. 2-5; Am. Compl. 1.) [2]  Plaintiff is an individual residing in Philadelphia, Pennsylvania.  Defendants both reside in California.

This case stems from a civil action originally filed by Plaintiff in California State Court. The relevant facts of the proceedings are as follows.  On November 7, 2007, Defendant Block obtained title via trustee's sale to real property located at 527 North Highland Avenue in the City of Los Angeles, California (the "Property"), which was formerly owned by Chadda. (Def.'s Mem. Supp. Mot. Dismiss 3.)  On November 30, 2007, Chadda filed an action to quiet title relating to the Property against Block in the Superior Court of the State of California for the County of Los Angeles, Central District, alleging there was an agreement between Chadda and Block to postpone the foreclosure sale on the Property.  See Complaint for Chadda v. Block, No. BC381503 (Cal. Super. Ct. Nov. 30, 2007) and Chadda v. Block, No. BC381503 (Cal. Super. Ct.

181 F.3d 410, 426 (3d Cir. 1999) (citations omitted); City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir.1998).  Consideration of such filings will not convert a motion to dismiss into one for summary judgment so long as the documents are an integral part of the complaint. See In re Burlington Coat Factory Securities Litigation, 114 F.3d. 1410 (3d. Cir. 1997).  Plaintiff's Complaint fails to include sufficient background information and states only that the case arises out of alleged fraud in connection with a home mortgage without providing further detail. (Am. Compl. 1.) The Court will therefore take judicial notice of Plaintiff's prior court proceedings referenced in Defendant's brief in recounting the factual background.

[2] The Court had difficulty discerning the allegations in the Complaint.  Although the Complaint fails to allege facts to support such claims, it also includes the following claims: (1) forgery of signature; (2) forgery of documents; (3) bribery of officials, including judges and Plaintiff's former attorney, Michael Melton; (4) wrongful foreclosure; (5) declaratory relief; (6) improper assignment of title during the stay; (7) criminal intent; and  (8) perjury under oath.

Nov. 30, 2007) available at Def.'s Mem. Supp. Mot. Dismiss, Exhibits A and B.   Block was

represented by Defendant Magady in this action. See id.  On March 3, 2009, the court granted

Block's Motion for Summary Judgment, finding Chadda is estopped from claiming title to the

property.  See Order Granting Def.'s Mot. for Summ. J., Chadda v. Block, No. BC381503 (Cal.

Super. Ct. March 3, 2009) available at Def.'s Mem. Supp. Mot. Dismiss, Exhibit C; Order,

Chadda v. Block, No. BC381503 (Cal. Super. Ct. March 3, 2009) available at Def.'s Mem. Supp.

Mot. Dismiss, Exhibits D.  The decision was affirmed by the California Court of Appeals on

November 2, 2010, and Chadda's request for judicial notice and petition for review by the

Supreme Court of California was denied on January 19, 2011. See Opinion, Chadda v. Block,

No. B216122 (Cal. Ct. App. Nov. 2, 2010) available at Def.'s Mem. Supp. Mot. Dismiss,

Exhibits E; Order, Chadda v. Block, No. S188913 (Cal. Jan. 19, 2011) available at Def.'s Mem.

Supp. Mot. Dismiss, Exhibit F.

        On January 6, 2009, Chadda filed another complaint against Block in the Superior Court

of the State of California for the County of Los Angeles, Central District alleging that the

foreclosure sale for the Property was improperly conducted.  See Docket for Chadda v. Block,

No. BC405050 (Cal. Super. Ct. Jan. 6, 2009) available at Def.'s Mem. Supp. Mot. Dismiss,

Exhibit G.  Block was again represented by Magady.  See id.  On May 27, 2011, the Court

granted Block's motion for judgment on the pleadings, without leave for Plaintiff to amend

Plaintiff's complaint.  See Order Granting Def.'s Mot. for J. on the Pleadings, Chadda v. Block,

No. BC405050 (Cal. Super. Ct. May 27, 2011) available at Def.'s Mem. Supp. Mot. Dismiss,

Exhibit H; J. by Ct. Order, Chadda v. Block, No. BC405050 (Cal. Super. Ct. May 27, 2011)

available at Def.'s Mem. Supp. Mot. Dismiss, Exhibit I.  On July 22, 2011, Chadda filed a Notice

of Appeal before the Court of Appeal of the State of California Appellate District, which was

dismissed by the Appeals Court on August 11, 2011 finding: (1) Chadda is a vexatious litigant

who did not obtain permission to file the appeal, and (2) Chadda did not meet the burden of

showing that her appeal of the Judgment entered had merit or she had any likelihood of

prevailing on the merits of such an appeal.  See Order, Chadda v. Block, No. B2340705 (Cal. Ct.

App. Aug. 11, 2011) available at Def.'s Mem. Supp. Mot. Dismiss, Exhibit J.

On August 23, 2011, twelve days after the California Appeals Court dismissal, Chadda

filed the instant action.  See id.  Plaintiff requests the following relief: (1) [Terry Magady] license

will be revoked [sic]; (2) [Terry Magady] will face jail time [sic]; and (3) that title be restituted

[sic] to the Plaintiff free of charge.  Plaintiff also seeks punitive damages in the amount of

$300,000.00. (Compl. 3.)

On September 20, 2011, Defendants filed a motion to dismiss. (Doc. 5.)  In addition,

Defendants also filed a motion for injunctive relief requesting that the Court enjoin Plaintiff from

filing any additional papers with the Court without first obtaining leave of Court.  (Doc. 6.)  On

October 20, 2011, Plaintiff filed an amended complaint, a motion to strike Defendant's motion,

and a motion to hire an attorney.  (Doc. 7, 8, 9).  On October 31, 2011, Defendants filed an

amended motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction,

improper venue, failure to state a claim, and res judicata.  On November 21, 2011 Plaintiff filed a

second amended complaint and a second motion to hire an attorney.  (Doc. 11, 12.)

II.   **DISCUSSION**

A.   **Subject Matter Jurisdiction**

" The basic statutory grants of federal court subject-matter jurisdiction are contained in 28

U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction.  Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1236 -1237 (2006)(internal quotes omitted).  Under Section 1331, federal question jurisdiction exists only where the matter in controversy "arises under the Constitution, laws, or treaties of the United States."   Under Section 1332, diversity jurisdiction exists over claims between parties of diverse citizenship where the amount in controversy exceeds $75, 000.  See Arbaugh, 546 U.S. at 501.  If neither standard applies and the federal court concludes that it lacks subject matter jurisdiction, the complaint must be dismissed in its entirety.  See id.

        To confer federal question jurisdiction, plaintiffs "must assert a claim founded directly upon federal law." Krupnick v. Union Nat. Bank, 470 F.Supp. 1037, 1038 (D.C.Pa., 1979) (citing PAAC v. Rizzo, 502 F.2d 306, 312 (3rd Cir. 1974)).  Plaintiff categorized this action as a "federal question" case; however, even granting the pleadings the liberal construction allowed pro se plaintiffs, it does not present a federal question.[3]  Plaintiff's claims include "state tort claims" for fraud and violation of the Pennsylvania Fair Credit Extension Uniformity Act (PFCEUA).  (Am. Compl. 1.)  It appears that Plaintiff is also attempting to assert a cause of action under federal bankruptcy law as Plaintiff alleges that Defendants violated a bankruptcy stay. (Am. Compl. 2.)  None of these claims, however, create a federal cause of action and therefore, are not properly within the jurisdiction of this Court.

        Although Plaintiff alleges violations of the federal bankruptcy code, a cause of action seeking redress for violation of an automatic stay is generally held to be within the exclusive

_____

        [3] Federal courts "must read a pro se plaintiff's allegations liberally and apply a less stringent standard to the pleading of a pro se plaintiff than to a Complaint drafted by counsel." Bush v. City of Phila., 367 F. Supp. 2d 722, 725 (E.D. pa., 2005).

jurisdiction of the Bankruptcy Court.   See, In re Theokary, 2008 WL 5329310, at *2

(Bankr.E.D.Pa.,2008); In re Lucas, 312 B.R. 559, 571 (Bankr.D.Md.2004); In re Startec Global

Communications Corp., 292 B.R. 246, 254 (Bankr.D.Md .2003).   As such, any alleged violation

of a federal bankruptcy stay must be filed in the bankruptcy court where the bankruptcy action is

or was pending, and is not subject to the jurisdiction of federal district court.[4] Id.

    Additionally, Plaintiff's state tort claims for fraud and violation of PFCEUA fail to raise a

cause of action under federal law and thus are also not a proper basis for federal question subject

matter jurisdiction.   Furthermore, the Court will not exercise supplemental jurisdiction over the

claims, since it lacks subject matter jurisdiction to hear a violation of a bankruptcy stay and the

claims are not part of the same case or controversy.[4] See In re Lambert, 438 B.R. 526, 526

(Bankr.M.D.Pa., 2010) (holding that the court did not have jurisdiction to hear claims for relief

arising under FDCPA or FCEAU because they do not "arise in nor under the Bankruptcy Code"

and are not "core bankruptcy matters.")

    As such, the Court finds that it lacks subject matter jurisdiction.[5]   Accordingly, Plaintiff's

---

[4] The Court also notes that on November 9, 2007, the United States Bankruptcy Court for the Eastern District of Pennsylvania dismissed the bankruptcy proceeding and ordered that Chadda shall not file any future bankruptcy cases without obtaining prior approval from the court. See Def. Mem. Sup. Mot. to Dismiss n.2, 7; Order, In re Solange D. Chadda, Bankr. No. 07-12665bif (Bankr. E.D. Pa. Nov. 9, 2007.)

[4] 28 U.S.C.A. § 1367(a), provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   However, the court may decline to exercise supplemental jurisdiction under subsection (a) if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C.A. § 1367(c)(3).

[5] Even if subject matter jurisdiction was properly founded based on diversity of citizenship, Plaintiff's claims would still be dismissed since the Complaint fails to allege sufficient information to allow the Court to determine the existence of personal jurisdiction over the Defendants. Plaintiff's Complaint makes no statement regarding Defendant's contacts to Pennsylvania.  Defendants are citizens

claims are dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1).

> **b)**    **Injunctive Relief**

Defendants also request that this Court grant an injunction enjoining Plaintiff or any entity acting on her behalf from filing any further papers or action in any court, state or federal, against the Defendants or any new actions without first obtaining leave of this Court.  The Court will grant Defendant's Motion in part and deny it in part.

The All Writs Act provides in pertinent part that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of the law." 28 U.S.C. § 1651(a) (1999).  Section 1651(a) authorizes district courts to "issue an injunction requiring a litigant who has repeatedly filed complaints alleging claims that have already been fully litigated to receive court approval before filing further complaints." In re Packer Avenue Associates, 884 F.2d 745, 747 (3d Cir. 1989) (citations omitted).

This Court recognizes that such injunctions are "extraordinary remedies and must be narrowly tailored and sparingly used."  In re Oliver, 682 F.2d 443, 446 (3d. Cir. 1982). Nonetheless, "[w]hen a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, [the court] is entitled to resort to its power of injunction and contempt to

---

of California, the Property at issue is located in California, and there is no evidence to suggest that the focal point of Plaintiff's allegations occurred in Pennsylvania. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2853 (2011); see also Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (holding that a court may not exercise personal jurisdiction over an out-of-state defendant unless the defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.")

protect its process." <u>Abdul-Akbar v. Watson</u>, 901 F.2d 329, 332 (3d Cir. 1990); <u>see also</u> <u>In re</u>

<u>Oliver</u>, 682 F.2d at 446 (stating that the "interests of repose, finality of judgments, protection of

defendants from unwarranted harassment, and concern for maintaining order in the court's

dockets have been deemed sufficient to warrant such a prohibition against relitigation of

claims.")

    Chadda is a frequent litigant in this Court and has filed twelve lawsuits in this district

alone as a pro se litigant; all of which have been dismissed by this Court.[6]  Chadda has also

repeatedly attempted to relitigate claims relating to issues that have already been decided.  As the

Court detailed in its discussion above, the instant action stems from three previous actions filed

by Chadda against Defendant Block in California State Court, relating to the property located at

---

[5] *See* Docket for *Chadda v. Mullins*, No. 2:10-cv-04029 (E.D. Pa. Aug. 11, 2010) (dismissed for lack of subject matter jurisdiction on Nov. 9, 2010) (affirmed on appeal on July 1, 2011); Docket for *Chadda v. Shamblen*, No. 2:07-cv-2139 (E.D. Pa. May 25, 2007) (dismissing all claims against defendant); Docket for *Chadda v. The Board of Elections et al.*, No. 2-06-cv-04847 (E.D. Pa. Oct. 31, 2006) (dismissing complaint and motion ex parte to stop the election of the senate race and delay for sixty days and putting independent candidate on the ballot); Docket for *Chadda v. Salaman et al.*, No. 2:06-cv-01248 (granting defendants' motion to dismiss); Docket for *Olaniyi et al v. Alexa Cab Co. et al.*, No. 2:05-cv-05250 (E.D. Pa. Oct. 5, 2005) (granting defendants' motion to dismiss) (affirmed on appeal on Apr. 25, 2007); Docket for *Sanou et. al. v. Etemad*, No. 2:05-cv-03871 (E.D. Pa July 27, 2005) (granting defendant's motion to dismiss pursuant FRCP 12); Docket for *Chadda v. Taylor et al.*, 2:05-cv-02576 (E.D. Pa. June 9, 2005) (dismissing plaintiff's complaint with prejudice); *St. Croix v. Etenad*, No. 2:05-cv-00871 (E.D. Pa. Feb. 25, 2005) (dismiss for lack of subject matter jurisdiction); Docket for *Chadda v. Baylson et al.*, No. 2:04-cv-05875 (E.D. Pa. Dec. 16, 2004) (dismissing amended complaint as to all defendants); Docket for *Chadda v. Burcke et al.*, No. 2:04-cv-4386 (E.D. Pa. Sept. 16, 2004) (dismissing plaintiff's complaint against all defendants for lack of subject matter jurisdiction) (affirmed on appeal on June 8, 2006); Docket for *Chadda v. Gillespie et al.*, No. 2:04-cv-04207 (E.D. Pa. Sept. 3, 2004) (granting defendants' motions to dismiss and dismissing the case) (affirmed on appeal on Oct. 05,2005); Docket for *Chadda v. QVC et al.*, No. 2:04-cv-03876 (E.D. Pa. Aug. 13, 2004) (dismissing plaintiff's complaint); Docket for *Chadda v. Fresh Grocers*, No. 2:04-cv-3260 (E.D. Pa. July 9, 2004) (dismissing action with prejudice pursuant to Local Rule 41.1(b)); *Chadda v. Tiempo Escrow II et al.*, No. 2:04-cv-02499 (E.D. Pa. June 8, 2004) (transferred to U.S.D.C. for the Central District of California); *Chadda v. Rabbinoff, et al.*, 2:03-cv-06159 (E.D. Pa. Nov. 10, 2003) (dismissing plaintiff's complaint with prejudice); *Chadda v. Chase*, 02-cv-08990 (E.D. Pa. Dec. 10, 2002) (remanded to Superior Court of California, County of Los Angeles).

507 Highland Avenue in the City of Los Angeles, California.  All of the actions were properly dismissed by the Superior Court of California, with two decisions upheld by the Court of Appeal of the State of California.  Although Plaintiff attempts to couch her most recent complaint based on state tort claims and federal bankruptcy law, the complaint is nothing more than an attempt by Plaintiff to relitigate the validity of the mortgage previously validated by California State Courts.  While the courts traditionally have shown pro se litigants leniency, this leniency does not, however grant a pro se litigant license to abuse the judicial process with impunity.  Because Chadda's litigation against the Defendants was unsuccessful in California, she cannot now seek to utilize this Court's resources to relitigate the same issue.

The State of California and the United States Bankruptcy court for the Eastern District of Pennsylvania have previously declared Chadda to be a vexatious litigant.[7]  Consistent with the actions of both courts, this Court now enjoins Chadda from filing any further actions in the Eastern District of Pennsylvania without receiving the prior authorization of this Court.  Moreover, Chadda is enjoined from filing complaints relating in any way to the Defendants or named property in this matter.

## III.    CONCLUSION

---

[6] On June 21, 2002, the Los Angeles Superior Court entered an order declaring Chadda to be a vexatious litigant and subject to a pre-filing order which requires her to obtain permission of the Presiding Judge before filing any new litigation in a court of the State of California. See Order, Chadda v. Block, No. B2340705 (Cal. Ct. App. Aug. 11, 2011) (the order was cited by the Court of Appeal of the State of California Appellate District, upholding the Superior Court's finding that Chadda is a vexatious litigant.)  Likewise, on November 9, 2007, the United States Bankruptcy Court for the Eastern District of Pennsylvania ordered that Chadda shall not file any future bankruptcy cases without obtaining prior approval from the court. See In re Solange D. Chadda, Bankr. No. 07-12665bif (Bankr. E. D. Pa Nov. 9, 2007).

The Court finds that Plaintiff's claims are not properly within the jurisdiction of this Court since (1) the bankruptcy court has exclusive jurisdiction to hear claims alleging violations of a bankruptcy stay and (2) the Court does not have original or supplemental jurisdiction to hear Plaintiff's state law claims of fraud and violations of the PFCEUA.  As a result, this action is dismissed for lack of subject matter jurisdiction.  Furthermore, Plaintiff is enjoined from filing any actions in the Eastern District of Pennsylvania including any further papers or actions pertaining to the Property and/or Defendants in this matter without prior permission from this Court.

An appropriate order follows.